UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
STEVEN M. GOMEZ,

                Plaintiff,

   -against-

ANDREW C. FLORANCE

                Defendant.
------------------------------------------------------X

**COMPLAINT**

ECF
Civil Action No.

     The plaintiff, Steven M. Gomez, by and through his attorneys, Sklover & Donath, LLC, complains of the defendant, Andrew C. Florance, as follows:

**INTRODUCTORY STATEMENT**

1.     The plaintiff, Steven M. Gomez (hereinafter "Mr. Gomez" or "Plaintiff") brings this action against the defendant Andrew C. Florance (hereinafter "Defendant") for defamation *per se*.

2.     This action concerns the reckless and inexcusable conduct of Defendant, Chief Executive Officer ("CEO") of CoStar Group, Inc. ("CoStar"), a publicly traded company, which constitutes defamation *per se*.

3.     As set forth in detail below, Defendant hacked into Mr. Gomez's email account, and sent an email to Mr. Gomez's direct supervisor purporting to be from Mr. Gomez, himself, and stated defamatorily *per se* that Mr. Gomez was a felon, who had been released from prison on parole.

**I.    JURISDICTION and VENUE**

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties and the amount in controversy is in excess

of $75,000.

5. Venue is proper in this judicial district in that Mr. Gomez resides and worked in the Southern District of New York. Venue is also proper in that the majority of the acts complained of occurred within this judicial district.

## II. THE PARTIES

6. Mr. Gomez is 53 years of age, and is a citizen and resident of the State of New York.

7. Defendant is, upon information and belief, a resident of the State of Maryland, and is the CEO of CoStar.

## III. THE FACTS

### A. Background

8. Mr. Gomez was employed from October 2009 through May 2011 as a Regional Director for CoStar, which is the self-described world leader for commercial real estate intelligence, providing information, analytic, and marketing services to commercial real estate brokers.

9. As Regional Director, Mr. Gomez was responsible for the management and oversight of a team of CoStar's salespeople in the northeast region of the United States.

### B. Defendant's Wrongful Actions Toward Plaintiff

10. On July 27, 2010, while Mr. Gomez was out of his office, Defendant – pretending to be Mr. Gomez himself – used Mr. Gomez's work computer to send an email (hereinafter the "Defamatory Email") to Mr. Gomez's then superior, Stephen Alliegro ("Alliegro"), and an employee reporting directly to Plaintiff. A copy of the Defamatory Email is attached hereto as Exhibit A.

11. In the Defamatory Email, Defendant – pretending to be Mr. Gomez himself – stated: **"I missed my appointment with my parole officer last week and now will have to do 21 days back in Rikers Island."**

12. Riker's Island is a municipal prison located in New York City.

13. The statement in the Defamatory Email is false.

14. By sending the Defamatory Email to Alliegro, Defendant published it.

15. Defendant published the Defamatory Email without regard to the damage it would cause Mr. Gomez's reputation.

16. Upon receiving the Defamatory Email, upon information and belief, Alliegro contacted CoStar's Human Resources Department ("HR") to inquire about Mr. Gomez's criminal background.

17. By doing so, Alliegro republished the Defamatory Email to CoStar's HR.

18. After consulting with HR, Alliegro responded to the Defamatory Email, believing he was communicating with Mr. Gomez, by asking "Are u serious?"

19. The Defamatory Email constitutes Defamation Per Se.

### IV. THE CAUSE OF ACTION

#### FIRST CAUSE OF ACTION
(Defamation Per Se)

20. Plaintiff repeats and realleges each of the allegations set forth in paragraphs 1 through 19 as if fully set forth herein.

21. Defendant made a defamatory statement about Mr. Gomez when he stated in the Defamatory Email that Mr. Gomez was a criminal under the supervision of the parole board and had been incarcerated for committing a crime.

22. Defendant published the Defamatory Email by sending it to Mr. Gomez's supervisor, Alliegro.

23. The statement in the Defamatory Email is false.

24. Defendant's statement in the Defamatory Email imputes serious criminal conduct to Plaintiff.

25. Defendant's statement in the Defamatory Email constitutes defamation *per se* for which damages are presumed.

26. In addition, Defendant's statement in the Defamatory Email caused damage to Plaintiff's reputation, gainful employment, career continuation, income and other valuable interests.

27. Accordingly, Defendant is liable to Plaintiff to the full extent afforded by law, in an amount to be determined at trial, together with interest and costs.

**WHEREFORE**, Plaintiff Steven M. Gomez prays for judgment against Defendant as follows:

(1) On the First Cause of Action for libel per se, for damages to the full extent afforded by law, in an amount to be determined at trial, together with interests and costs; and

(2) For such other and additional relief as this Court shall deem just, reasonable and proper.

Respectfully submitted,

SKLOVER & DONATH, LLC

By: _____
Laine A. Armstrong (LA-3923)
*Attorneys for Plaintiff Steven M. Gomez*
Ten Rockefeller Plaza
New York, New York 10020
Phone: (212) 757-5000
Fax:    (212) 757-5002

EXHIBIT A

**From**: Steven Gomez
**To**: Stephen Alliegro
**Sent**: Tue Jul 27 12:34:01 2010
**Subject**: Embarrassing, but I need to tell you

I missed my appointment with my parole officer last week and now I will have to do 21 days back in Rikers Island. No big deal, I know what I am doing there!. I will just need a little time off.

**Steven Gomez**
*Regional Director-Northeast*
**CoStar Group Inc.**
420 Lexington Avenue
16th Floor, Suite 1605
New York, NY 10170
Direct 877.619.1738
Cell 917.968.9331
Fax: 877.264.8594
sgomez@costar.com
www.costar.com