SKLOVER & DONATH, LLC
10 ROCKEFELLER PLAZA
SUITE 816
NEW YORK, NEW YORK 10020
(212) 757-5000

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
STEVEN M. GOMEZ,

                       Plaintiff,

     -against-

ANDREW C. FLORANCE,

                       Defendant.
-------------------------------------------------------X

Case No: 11-cv-5114 (PAC)(KNF)

ECF

## ATTORNEY DECLARATION IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL OF RECORD, STAY PROCEEDINGS, AND EXTEND TIME TO SERVE

     I, Alan L. Sklover, an attorney duly admitted to practice law in the State of New York and before the United States District Court for the Southern District of New York, declares the following pursuant to 28 U.S.C. § 1746:

     1.    I am a member in the law firm of Sklover & Donath, LLC, attorneys for the plaintiff, STEVEN M. GOMEZ (hereinafter "Plaintiff").

     2.    I am familiar with the Complaint filed with the Court in this matter, as well as the facts and circumstances underlying this Motion.

     3.    I submit this declaration in support of my firm's Motion to Withdraw as Counsel and Stay Proceedings in the instant action.

     4.    We make this motion pursuant to Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, and in compliance with Rule 1.16 of the New York Rules of Professional Conduct for attorneys.

1

A. The Underlying Action

5.     This is an action for defamation by Plaintiff against Andrew C. Florance, who is the Chief Executive Officer of CoStar, Inc., the former employer of Plaintiff.

6.     The action for defamation is based on the publication of an email that Mr. Florance allegedly transmitted from Plaintiff's office computer to Plaintiff's direct supervisor and another employee, a copy of which is annexed to the Complaint in this action (hereafter, the "Florance Email.")

7.     Plaintiff retained our law firm on June 20, 2011 by execution of a written Retention Agreement the terms of which provided for (a) hourly charges for services, plus (b) a contingency charge of 2% of recovery, if any.

8.     The Retention Agreement provided for an initial deposit of $5,000.00, to be applied to hourly charges, and for the return of any surplusage.

9.     Plaintiff's retention of our law firm was 36 days before the one-year statute of limitations was to expire on Plaintiff's cause of action for defamation.

10.    Shortly thereafter, this law firm sought to resolve the dispute by means of negotiation, which efforts were ultimately unsuccessful.

11.    Therefore, Plaintiff moved forward with the underlying action, and the Complaint in this action was filed with this Court on July 25, 2011.

12.    The Summons and Complaint have not yet been served upon Defendant; the 120-day deadline to do so expires on November 21, 2011.

B. Posture of this Case and Reasons for Withdrawal

13.    On August 8, 2011, a Statement for Services rendered during the month of July 2011 was transmitted to Plaintiff in the amount of $10,376.30 with an outstanding balance of $5,551.35 which remains outstanding at this time.

14. On August 25, 2011 our firm provided Plaintiff with the telephone number and other contact information for the attorney referral services of the New York County Lawyers Association and the New York City Association of the Bar to assist him in securing new counsel.

15. By written request dated September 7, 2011, Plaintiff instructed Sklover & Donath, LLC, to take steps necessary to be removed as counsel of record with the Court, and to notify the Court that he intended to represent himself, *pro se*.

16. Accordingly, our firm prepared a Motion for Substitution of Counsel, requesting the Court's permission to substitute the Plaintiff as his own representative appearing *pro se*, for Sklover & Donath, LLC. That Motion for Substitution was transmitted to Plaintiff.

17. Without providing us with a reason, and despite the fact that Plaintiff had instructed us to take steps necessary to be removed as counsel of record with the Court, and to notify the Court that he intended to represent himself, *pro se*, Plaintiff refused to sign the motion papers.

18. On September 13, 2011 this law firm received a letter from Elizabeth A. McNamara, of the law firm of Davis Wright Tremaine LLP, raising several defenses to the claims set forth in the Complaint and demanding that it be withdrawn under threat of sanctions.

19. Based on information set forth therein, we have reason to believe that Plaintiff withheld from Sklover & Donath, LLC, one or more significant facts material to the underlying action, and that were relevant to the representation of Plaintiff in this matter.

20. In addition, Plaintiff informed us that he is dissatisfied with our firm's representation of him. However, each time we have requested that Plaintiff provide any details or information regarding why he is dissatisfied, he has refused.

21. Thus, our firm is in an untenable position: Plaintiff has instructed us to notify the Court he will be proceeding *pro se*, yet he has refused to stipulate to our withdrawal and his substitution. Further, Plaintiff has informed us that he is dissatisfied with our work, yet he

3

nevertheless has refused to provide any details regarding why he is dissatisfied and/or the manner in which representation has been unsatisfactory.

22. For the following reasons, pursuant to Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York and Rule 1.16(d) of New York's Rules of Professional Conduct for attorneys, Sklover & Donath, LLC, requests leave of the Court to withdraw as counsel for Plaintiff.

23. Sklover & Donath, LLC, is required to withdraw from representation of Plaintiff pursuant to Rule 1.16(b)(3) of New York's Rules of Professional Conduct for attorneys, which directs a lawyer to withdraw from representation of a client when: "the lawyer is discharged," as this firm was by Plaintiff.

24. Further, Sklover & Donath, LLC, has good reason to withdraw from representing Plaintiff pursuant to Rule 1.16(c)(1) of New York's Rules of Professional Conduct for attorneys, since "withdrawal can be accomplished without material adverse effect on the interests of the client," as the Complaint has not yet been served in the underlying action, Plaintiff has over thirty (30) days until November 21, 2011 to effectuate service on the defendant, there are no other deadlines pending in the underlying action, and we have requested that the Court, in its discretion, grant Plaintiff a stay of sixty (60) days to permit him sufficient time to engage new counsel.

25. Sklover & Donath, LLC, also has good reason to withdraw from representing Plaintiff pursuant to Rule 1.16(c)(5) of New York's Rules of Professional Conduct for attorneys, since Plaintiff has "deliberately disregard[ed] an agreement or obligation to [Sklover & Donath, LLC] as to expenses or fees," in that Plaintiff has refused to pay any part or portion of his outstanding invoice delivered to him on August 8, 2011.

26. Sklover & Donath, LLC, also has good reason to withdraw from representing Plaintiff pursuant to Rule 1.16(c)(7) of New York's Rules of Professional Conduct for attorneys, since Plaintiff has "fail[ed] to cooperate in the representation or otherwise render[ed]

representation unreasonably difficult for [Sklover & Donath, LLC] to carry out employment effectively," in that: (a) Plaintiff has apparently concealed material facts, (b) instructed Sklover & Donath, LLC to notify the Court that Plaintiff was proceeding *pro se*, (c) yet refused to execute a Motion for Substitution of Counsel, (d) apprised Sklover & Donath, LLC, that he was dissatisfied with the firm's representation, (e) yet refused to specify how the representation failed to meet with his expectations, and (f) otherwise failed to show that level of cooperation necessary for client and counsel to work together effectively in the client's interests.

27. Further, Sklover & Donath, LLC, may be required to withdraw from representation of Plaintiff pursuant to Rule 1.16(b)(1) of New York's Rules of Professional Conduct for attorneys and may also have additional good reason to withdraw from representing Plaintiff pursuant to Rules 1.16(c)(1), 1.16(c)(2), 1.16(c)(4), 1.16(c)(8) of New York's Rules of Professional Conduct for attorneys.

28. In addition to the above, Plaintiff appears to have some sort of legal training and to be uniquely capable of representing himself *pro se* should he choose not to retain substitute counsel to replace Sklover & Donath, LLC, in the underlying action. As indications of this, Plaintiff appears comfortable contacting Your Honor, and seems knowledgeable of legal terminology such as "statute of limitation," "cause of action," "pro se," "chambers" and "mitigate damages".

29. Indeed, on Plaintiff's "LinkedIn" social media page, he describes himself as a Managing Principal of a firm in the Legal Services industry named "Attorney Back Office" and as a member of an association entitled "Lawyers and Legal Open Networkers." We have asked Plaintiff if he has legal training, is an attorney, or has legal assistance other than our firm, to which inquiries he has not responded.

30. Moreover, to our knowledge Plaintiff is not a poor person or likely without resources to hire counsel, as his former employment was as Regional Director of Co-Star Group, a publicly-held Commercial Real Estate Company, with an annual salary of $305,000.

31. To date, Sklover & Donath, LLC has refrained to serve the Defendant in this action so as to afford Plaintiff the maximum time permitted in which to secure new representation.

32. In order to prevent any possibility of prejudice, however slight that possibility may be, and to preserve Plaintiff's rights, Sklover & Donath, LLC, also requests that the Court grant to Plaintiff a stay of sixty (60) days to give Plaintiff the chance to engage new counsel in this matter.

33. In addition, in order to preserve Plaintiff rights, including to his right to bring this action which may be precluded by the statute of limitation if such is not granted, we request that the Court extend the time to serve the defendant for a period of ninety days, until February 8, 2012.

34. Sklover & Donath, LLC has no desire to assert, and here affirms its waiver of, any attorney charging or retention lien in this matter, or to seek payment of any further monies whatsoever from Plaintiff.

35. For the reasons set forth above, and in the best interests of Plaintiff, we respectfully seek the Court's permission to withdraw as Plaintiff's Counsel in this matter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 18, 2011

Alan L. Sklover (AS-3737)
Sklover & Donath, LLC
10 Rockefeller Plaza, Suite 816
New York, New York 10020
(212) 757-5000
(212) 757-5002 (fax)

sklover@executivelaw.com

*Counsel for Plaintiff Steven M. Gomez*