

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
STEVEN M. GOMEZ,

                Plaintiff,

                -against-                      **ORDER**

ANDREW C. FLORANCE,                11 Civ. 5114 (PAC) (KNF)

                Defendant.
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

       The complaint in this action was filed on July 25, 2011. On November 3, 2011, the assigned district judge granted a motion to withdraw by the plaintiff's counsel. On November 16, 2011, the plaintiff was permitted to proceed pro se and directed to serve the complaint promptly. On December 30, 2011, the plaintiff submitted a motion for service by a United States marshal, pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure, and for an extension of time to serve the complaint. The plaintiff contends that two "different and competent process servers located in the Washington DC area were hired to serve Defendant" but their attempts to serve the defendant, starting in August 2011 and continuing through December 2011, "at his corporate headquarters were repeatedly rebuffed and received with contradicting accounts of Defendant's schedule and presence in the building." According to the plaintiff, the defendant "has proved to be intentionally and repeatedly evasive for service." The affidavits of the process servers indicate that service was attempted on the defendant at what appears to be his place of work, "CoStar Group, Inc, 1331 L Street, N.W. Washington, DC 20005," and what appears to be his residence, "3542 Newark Street N.W. Washington, DC

20016" and "3702 Curtis Ct. Chevy Chase, MD 20815."

"If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3).

It appears from the plaintiff's motion that the process servers attempted to serve the defendant at what appears to be his place of work, on August 29, September 6, September 15 and December 28, 2011, but were told each time that the defendant "was not in." The attempts to serve the defendant at what appears to be his residence, on September 7, September 11 and December 2, 2011, were not successful, and the report on the December 2, 2011 attempt indicates: "Given address is under construction. There are no occupants."

The plaintiff's contention that the process servers' attempts to serve the defendant at his place of work were "repeatedly rebuffed and received with contradicting accounts" is unfounded because on each attempt the process server was informed that the defendant "was not in." Moreover, the plaintiff provides no basis for his allegation that the defendant "has proved to be intentionally and repeatedly evasive for service." After the November 16, 2011 order was issued, directing the plaintiff to serve the complaint promptly, the plaintiff's process servers' attempts to serve the defendant at what appears to be his place of business consisted of six telephone calls to the business, as it is noted in the process server's affidavit: "Called CoStar at 800-204-5960 and spoke with an operator who said Mr. Florance was not in." Making telephone calls to the defendant's place of business is not a method of personal service provided for by Rule 4 of the Federal Rules of Civil Procedure. In the circumstance of the instant case, the

2

plaintiff has not demonstrated diligence in his attempts to serve the defendant; therefore, granting his motion for service by the United States marshal is not warranted. On or before February 24, 2012, the plaintiff shall serve the complaint on the defendant and file proof of service, as provided by Rule 4(l) of the Federal Rules of Civil Procedure. Failure to serve the defendant by the time specified may result in sanctions, including dismissal of this action.

In summary, the plaintiff's motion, Docket Entry No. 11, is granted, in part, and denied, in part.

Dated:  New York, New York
        January 9, 2012

Copy mailed to:

Steven M. Gomez

SO ORDERED:

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE