UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
STEVEN M. GOMEZ,

                Plaintiff,

      -against-                    **MEMORANDUM AND ORDER**

ANDREW C. FLORANCE,             11 Civ. 5114 (PAC) (KNF)

               Defendant.
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

On January 9, 2012, the Court: (i) denied the pro se plaintiff's motion for service of the summons and complaint by a United States marshal, pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure, because the plaintiff failed to demonstrate diligence in his attempts to serve the defendant; (ii) directed the plaintiff to serve the complaint on the defendant and file proof of service, as provided by Rule 4(l) of the Federal Rules of Civil Procedure, on or before February 24, 2012; and (iii) cautioned the plaintiff that failure to serve the defendant by the time specified may result in sanctions, including dismissal of the action.

On March 10, 2012, the plaintiff submitted to the Court a document entitled "Notice of Failure to Serve and Request for Reconsideration of Motion for Service by United States Marshal and Extend Time to Serve," contending that "[t]he latest conduct by the defendant to elude service included his evasion at a public airport and at the place of his corporate headquarters." According to the plaintiff, "[u]pon public information of [the defendant] conducting a meeting at his offices in February we were unable to serve once again, despite the confirmation of his presence in the building, and process servers were once again removed from his corporate headquarters." The plaintiff contends that "[w]ithout the assistance of a United States Marshall, or the permission of

1

this court for an alternate form of service," he will not be able to effect service of the summons and complaint on the defendant.

## *Legal Standard*

A local civil rule of this court provides that

> a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion. . . . There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked.

Local Civil Rule 6.3.

"[W]hile pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders." McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988).

## *Application of Legal Standard*

The plaintiff's motion for reconsideration of the Court's January 9, 2012 order is untimely because it was submitted on March 10, 2012, more than 14 days after January 9, 2012, and the plaintiff has not shown cause for his failure to make a motion for reconsideration timely. Moreover, the plaintiff failed to submit a memorandum, as required by Local Civil Rule 6.3, indicating the matters or controlling decisions which he believes the Court overlooked. Accordingly, the plaintiff's motion for reconsideration of the Court's January 9, 2012 order is denied.

It appears from the plaintiff's March 10, 2012 submission that he attempted to serve the summons and complaint on the defendant "at a public airport," on an unidentified date, and at the defendant's place of business, some time "in February," when the defendant was present there. However, the plaintiff did not explain why he waited until March 10, 2012, to inform the Court

2

about his attempts to effect service subsequent to the Court's January 9, 2012 order, especially in light of the Court's warning that failure to serve the defendant, on or before February 24, 2012, may result in sanctions, including dismissal of the action. The plaintiff failed to comply with the Court's January 9, 2012 order, directing him to serve the complaint on the defendant and file proof of service, on or before February 24, 2012.

On or before April 10, 2012, the plaintiff shall show cause why this action should not be dismissed, without prejudice, for failure to serve the summons and complaint within the time specified by the January 9, 2012 order. To show that the plaintiff acted with due diligence in attempting to effect service of the summons and complaint on the defendant after the Court's January 9, 2012 order, the plaintiff must submit a sworn affidavit or other competent evidence, demonstrating the attempts made after the Court's January 9, 2012 order. The plaintiff must also explain: (a) whether methods other than delivery of the summons and the complaint to the defendant personally have been used by the plaintiff in his attempts to serve the defendant, as provided by Rule 4(e) of the Federal Rules of Civil Procedure and New York Civil Practice Law and Rules § 308, and if other methods have not been used, explain why; and (b) why he waited until March 10, 2012, to inform the Court about his attempts to serve the defendant subsequent to the January 9, 2012 order. If the plaintiff fails to comply with this order by the time specified, a recommendation will be made to the assigned district judge that the action be dismissed without prejudice.

Dated: New York, New York
       March 30, 2012

SO ORDERED:

_____
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copy mailed to:

Steven M. Gomez

3