UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
STEVEN M. GOMEZ,
:
                Plaintiff,
:
         -against-                   **REPORT AND RECOMMENDATION**
:
ANDREW C. FLORANCE,              11 Civ. 5114 (PAC) (KNF)
:
               Defendant.
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE PAUL A. CROTTY, UNITED STATES DISTRICT JUDGE

      On July 25, 2011, acting pro se, the plaintiff commenced this action. On January 9, 2012, the Court: (i) denied the plaintiff's motion for service of the summons and complaint by a United States marshal because the plaintiff failed to demonstrate diligence in his attempts to serve the defendant; (ii) directed the plaintiff to serve the complaint on the defendant and file proof of service on or before February 24, 2012, and (iii) cautioned the plaintiff that failure to serve the defendant by the time specified may result in sanctions, including dismissal of the action. On March 30, 2012, the plaintiff's motion for reconsideration of the Court's January 9, 2012 order was denied, and the plaintiff was directed to show cause, on or before April 10, 2012, why this action should not be dismissed, without prejudice, for failure to serve the summons and complaint. The March 30, 2012 order noted that "[i]f the plaintiff fails to comply with this order by the time specified, a recommendation will be made to the assigned district judge that the action be dismissed without prejudice." The plaintiff failed to comply with the March 30, 2012 order, and no proof of service of the summons and complaint on the defendant appears on the docket sheet maintained by the Clerk of Court for this action.

"If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Here, the Court already extended the time for the plaintiff to serve the summons and complaint on the defendant by its January 9, 2012 order. The March 30, 2012 order provided notice and an opportunity to the plaintiff to show cause why his complaint should not be dismissed for failure to serve the defendant. See Nagy v. Dwyer, 507 F.3d 161, 164 (2d Cir. 2007) ("Rule 4(m) requires that the district court provide notice to a plaintiff before dismissing an action *sua sponte* for failure to timely serve the defendant."). The plaintiff failed to serve the defendant within the time specified in the January 9, 2012 order and did not show cause to the Court, for his failure, as he was directed to do. Accordingly, dismissing the action without prejudice, pursuant to Fed. R. Civ. P. 4(m), would appear to be warranted.

However, the plaintiff's defamation claim is subject to a one-year statute of limitations, which runs from the date of the publication of the defamatory statement. See New York Civil Practice Law and Rules § 215(3); Firth v. State of New York, 98 N.Y.2d 365, 369, 747 N.Y.S.2d 69, 70-71 (2002). The complaint alleges that the defamatory statement was published on July 27, 2010. It appears that the plaintiff's claim is time-barred and, if the complaint is dismissed, the plaintiff would be unable to file his claim anew. Nonetheless, given that the plaintiff made no effort to show cause for his failure to effect service within the extended time period provided by the Court's January 9, 2012 order, and that any further delay would be prejudicial to the defendant, the Court finds no justification in providing an additional extension of time to effect service. Therefore, dismissing the action with prejudice is proper. See Zapata v. City of New York, 502 F.3d 192, 197 (2d Cir. 2007) ("Where, as here, good cause is lacking, but the

2

dismissal without prejudice in combination with the statute of limitations would result in a dismissal *with* prejudice, we will not find an abuse of discretion in the procedure used by the district court, so long as there are sufficient indications on the record that the district court weighed the impact that a dismissal or extension would have on the parties.").

## RECOMMENDATION

For the foregoing reasons, I recommend that the action be dismissed with prejudice.

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Paul A. Crotty, 500 Pearl Street, Room 735, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Crotty. *Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review.* See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York
May 21, 2012

Respectfully submitted,

*/Kevin Nathaniel Fox/*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE